**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| WSD PROPERTIES LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KELVIN PARKER,<br><br>　　　　　Defendant. | CIVIL ACTION<br><br>NO. 1:18-cv-01305-TWT-RGV |

**MAGISTRATE JUDGE'S FINAL REPORT,
RECOMMENDATION, AND ORDER**

This matter is before the Court on Kelvin Parker's ("Parker") affidavit and application to proceed *in forma pauperis*, [Doc. 1],[1] and petition for stay of eviction, [Doc. 1-1]. From the documents before the Court, it appears that plaintiff WSD Properties LLC ("plaintiff"), initially filed this action in the Magistrate Court of Fulton County, Georgia, seeking a writ of possession. See [id. at 6]. Parker, proceeding without counsel, seeks to remove this dispossessory action to federal court and to proceed *in forma pauperis*. [Docs. 1 & 1-1].[2] For the reasons that follow,

---

[1] The document and page numbers in citations to the record in this Final Report, Recommendation, and Order refer to the document and page numbers listed in the Adobe file reader linked to this Court's electronic filing database, CM/ECF.

[2] Parker filed a "Petition for Stay of Eviction," in which he alleges that he attached a "copy of the 'Notice of Removal with a Federal Stay,'" see [Doc. 1-1 at 1]; however, there is no such attachment to Parker's request for a stay. This is Parker's second attempt to remove this dispossessory action to federal court. See WSD Props., LLC v. Parker, Civil Action File No. 1:18-cv-00091-TWT, at [Docs. 1 & 1-1]

it is **RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Fulton County. For the purpose of remand only, Parker's request to proceed *in forma pauperis*, [Doc. 1], is **GRANTED**.³

"'[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.'" PHH Mortg. Corp. v. Diamond, No. 1:06-CV-0673WSD, 2006 WL 839405, at *1 (N.D. Ga. Mar. 29, 2006) (alterations in original) (quoting 28 U.S.C. § 1441(a)). "A defendant . . . desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). When a notice of removal is filed, however, the Court is

---

(N.D. Ga. Jan. 9, 2018). The dispossessory action was remanded to the Magistrate Court of Fulton County, Georgia on February 27, 2018. See id. at [Doc. 5].

³ Parker's affidavit of indigency is incomplete, see generally [Doc. 1], and his application to proceed *in forma pauperis* is therefore **GRANTED** for the sole purpose of allowing the Court to determine whether remand of this case is appropriate due to lack of subject matter jurisdiction.

obligated to consider, *sua sponte*, whether it has jurisdiction over the action. Bank of N.Y. v. Wilson, Civil Action File No. 1:08-CV-332-TWT, 2008 WL 544741, at *1 (N.D. Ga. Feb. 25, 2008), adopted at *1. "If a court does not have original jurisdiction, a district court may *sua sponte* remand a case on the basis of lack of subject matter jurisdiction." Citibank, N.A. v. Gumbs, Civil Action No. 1:07-CV-2476, 2007 WL 3491744, at *3 (N.D. Ga. Nov. 6, 2007), adopted at *1; see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"Only state-court actions that originally could have been filed in federal court may be removed[.]" Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (footnote omitted). Federal courts have original jurisdiction over an action only if: "(1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises a federal question; or (3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted." Stegeman v. Wachovia Bank, Nat'l Ass'n, No. 1:06-CV-0247-WSD, 2006 WL 870420, at *1 (N.D. Ga. Apr. 4, 2006) (citing Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005)). "Determination of whether a claim arises under federal law 'is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is

3

presented on the face of the plaintiff's properly pleaded complaint.'" Wilson, 2008 WL 544741, at *1 (quoting Caterpillar, 482 U.S. at 392). Under the well-pleaded complaint rule, the plaintiff is "the master of the claim; [it] may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392 (footnote omitted); Wilson, 2008 WL 544741, at *1 (citations and internal marks omitted). "In determining the presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint." Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (citation omitted). The burden is on Parker as the removing party to show that the federal court has jurisdiction. Etowah Envtl. Grp., LLC v. Walsh, Civil Action No. 2:10-CV-180-RWS, 2011 WL 1060600, at *3 (N.D. Ga. Mar. 21, 2011) (citing Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005)).

Parker's attempt to remove this action is deficient in several respects. First, Parker alleges that removal is proper on the basis of federal question jurisdiction.[4]

---

[4] Parker does not assert that the parties are diverse, see generally [Docs. 1-1 & 1-2], and even if he had, diversity jurisdiction would be improper. "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (alteration in original) (footnote omitted) (quoting 28 U.S.C. § 1332 (a)(1)). "Under [28 U.S.C.] § 1332(a), an in-state plaintiff may invoke diversity jurisdiction in a federal court that sits in the state where the

4

See [Doc. 1-2 at 1]. However, it appears from the documents filed with the petition for stay of eviction that plaintiff brought this dispossessory action in the Magistrate Court of Fulton County, Georgia, and there is no indication from the documents submitted by Parker for this Court's consideration that plaintiff raised any federal claim in the dispossessory action. See [Doc. 1-1 at 6]. In particular, Parker asserts that plaintiff violated "28 USC 1367" and "28 USC 1446(D)" and has "a legal duty to abort eviction pursuant to O.C.G.A. 51-1-6." [Id. at 2-3].[5] Parker's reliance on these laws appears to be a defense to the underlying state-court dispossessory action, but "[a] defense that raises a federal question is inadequate to confer federal

---

plaintiff resides," however, "[t]he removal statute does not provide an in-state defendant the same flexibility in removing cases." Fed. Nat'l Mortg. Ass'n v. Avendano, Civil Action File No. 1:10-CV-3391-TWT-AJB, 2010 WL 4963027, at *3 (N.D. Ga. Oct. 28, 2010), adopted by 2010 WL 4963024, at *1 (N.D. Ga. Nov. 30, 2010) (citing Lincoln Prop. Co., 546 U.S. at 89-90). Indeed, "[28 U.S.C.] § 1441(b) bars removal on the basis of diversity if the defendant is a citizen of the [s]tate in which the action is brought." Id. (citations and internal marks omitted). Therefore, "§ 1441(b) does not permit removal on diversity grounds to the Northern District of Georgia because [Parker is a] citizen[] of the [s]tate of Georgia . . . ." Avendano, 2010 WL 4963027, at *4 (citations omitted); see Bregman v. Alderman, 955 F.2d 660, 663 (11th Cir. 1992) (per curiam) (citation omitted); see also [Doc. 1-1 at 6].

[5] 28 U.S.C. § 1367 and 28 U.S.C. § 1446(d) "do not provide a substantive basis for federal jurisdiction." All Cty. Cumberland v. Harris, No. 1:14-cv-01110-WSD, 2014 WL 2003027, at *3 n.4 (N.D. Ga. May 14, 2014), adopted at *2. "Moreover, O.C.G.A. § 51-1-6 is a state statute that cannot form the basis of federal question jurisdiction." Id. at *3 n.3.

jurisdiction." Merrell Dow Pharm. v. Thompson, 478 U.S. 804, 808 (1986) (citation omitted); see also Gumbs, 2007 WL 3491744, at *4; Wilson, 2008 WL 544741, at *2 (quoting Caterpillar, 482 U.S. at 393). Indeed, "[i]f a federal question is not presented on the face of the complaint, it is no substitute that the defendant is almost certain to raise a federal defense." Dhinoja, 705 F. Supp. 2d at 1381 (citation and internal marks omitted). Alternatively, if Parker relies on federal law in support of a counterclaim rather than a defense, it is well-settled that a counterclaim cannot serve as the basis for federal question jurisdiction. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) (citations omitted). Parker's allegations are thus insufficient to establish that the Court has federal question jurisdiction in this case. See Diamond, 2006 WL 839405, at *2.

Accordingly, because the action initiated by plaintiff in the Magistrate Court of Fulton County is exclusively a matter of state law, the Court lacks subject matter jurisdiction over this action, and the action must therefore be remanded to the Magistrate Court of Fulton County. See Caterpillar Inc., 482 U.S. at 392; Dhinoja, 705 F. Supp. 2d at 1381 (remanding case where "the dispossessory claim that form[ed] the basis of this action [was] exclusively a matter of state law"); see also Finvest Roxboro, LLC v. Bozick, Civil Action File No. 1:13–CV–3678–TWT, 2013 WL 6795232, at *1-3 (N.D. Ga. Dec. 20, 2013), adopted at *1; HSBC Mortg. Servs., Inc. v.

6

Williams, Civil Action No. 1:07-CV-2863-RWS, 2007 WL 4303725, at *2 (N.D. Ga. Dec. 10, 2007) (granting remand in dispossessory action where no federal question was present on the face of the plaintiff's complaint and the requirements for diversity jurisdiction were not satisfied).

For the foregoing reasons, Parker's request to proceed *in forma pauperis* is **GRANTED**, but it is **RECOMMENDED** that this case be **REMANDED** to the Magistrate Court of Fulton County.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED** and **RECOMMENDED**, this 4th day of April, 2018.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE